# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BLYSS LEA STILWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-18-1230-HE |
| | ) | |
| ANDREW M. SAUL, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Plaintiff Blyss Lea Stilwell filed this case seeking judicial review of the final decision of the Commissioner of Social Security Administration ("Commissioner") denying her application for supplemental security income benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Gary M. Purcell who has issued a Report and Recommendation recommending that the Commissioner's decision be affirmed. Plaintiff has objected to the Report, which triggers *de novo* review by this court of proposed findings or recommendations to which objection has been made. The Commissioner has filed a response to plaintiff's objection.

Plaintiff objects to the Report's conclusion that the administrative law judge reasonably assessed treating physician Dr. Patrick Horn's mental residual functional capacity assessment. The ALJ gave little weight to Dr. Horn's opinion because it was not consistent with the record and not supported with an explanation. A.R. at 24. While plaintiff acknowledges that checkmark opinions are disfavored, she argues that the record as a whole must be reviewed for materials which support the conclusions on the form. Doc.

#25, p. 4. Plaintiff argues that three Client Assessment Records ("CAR") from the facility where Dr. Horn worked adequately support his residual functional capacity checklist opinion. Plaintiff contends that the ALJ's failure to address the CARs in his summary of the evidence demonstrates that he could not determine that the opinion was inconsistent with the record.

The court concludes the ALJ properly considered Dr. Horn's opinion. "The record must demonstrate that the ALJ considered all evidence, but an ALJ is not required to discuss every piece of evidence." Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citation omitted). In this case, the ALJ supported the decision to afford little weight to Dr. Horn's checklist opinion because his "notes throughout the record show mostly that medication help control claimant's anxiety and depression with a need for occasional adjustments when they stop working. These treatment notes do not support the restrictions suggested by his unexplained checklist assessment composed of yes or no questions." A.R. at 24. Fourteen individual treatment notes from Dr. Horn are present in the record; five just before the first CAR [A.R. at 408-440], four just before the second CAR [A.R. at 538-560], and five just before the third CAR [A.R. 573-600]. All the treatment notes state that plaintiff had a global assessment of functioning (GAF) of 55, that she was stable with moderate anxiety and nervousness, and was logical, coherent, and oriented with adequate memory. Eleven of the notes state that plaintiff's mood/affect were normal, while only three indicate her mood/affect were anxious or depressed.

These notes, combined with the other medical evidence in the record, support the ALJ's conclusion that Dr. Horn's checklist opinion was not supported by the record as a whole.

After *de novo* review, the court concludes that the ALJ reasonably assessed Dr. Horn's mental residual functional capacity assessment. The ALJ used the correct legal standards and his findings are supported by substantial evidence in the record. Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #24]. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2019.

JOE HEATON
UNITED STATES DISTRICT JUDGE